## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ZOLTAN HIRSCH, | : | CASE NO: |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | **COMPLAINT** |
| | : | |
| EQUINOX FITNESS CLUB, a Delaware | : | |
| corporation, d/b/a EQUINOX, and MIDTOWN | : | |
| TRACKAGE VENTURES LLC, a Delaware | : | |
| limited liability company, | : | |
| | : | |
| Defendants. | : | |

Plaintiff, ZOLTAN HIRSCH, (hereinafter the "Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues EQUINOX FITNESS CLUB, a Delaware corporation, d/b/a EQUINOX, and MIDTOWN TRACKAGE VENTURES LLC, a Delaware limited liability company, (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. s12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

1

2.      Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York.

3.      The remedies provided by the New York State Human Rights Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4.      At the time of Plaintiff's visit to EQUINOX, prior to instituting the instant action, ZOLTAN HIRSCH (hereinafter referred to as "Plaintiff") was a resident of the State of New York, suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, as he is a double amputee and uses a wheelchair for mobility. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5.      The Defendants, EQUINOX FITNESS CLUB, a Delaware corporation, d/b/a EQUINOX, and MIDTOWN TRACKAGE VENTURES LLC, a Delaware limited liability company, are authorized to conduct, and are conducting business within the State of New York. Upon information and belief, EQUINOX FITNESS CLUB, is the lessee and/or operator of the real property (hereinafter and heretofore referred to collectively as "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as the EQUINOX, Defendants' Property located at 420 Lexington Avenue, New York, New York (hereinafter and heretofore referred to collectively as "Subject Facility"), which also maintains and controls the Subject Facility.   Upon information and belief, MIDTOWN TRACKAGE VENTURES LLC, is the owner, lessor and/or operator of the

2

real property where the Subject Facility is located which is the subject of this action, the facility commonly referred to as EQUINOX, located at 420 Lexington Avenue, New York, New York (hereinafter and heretofore referred to collectively as "Subject Facility"), which also maintains and controls the subject real property.

6.    All events giving rise to this lawsuit occurred in the City of New York, State of New York. Venue is proper in this Court as the premises is located in the State of New York.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.    On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)    discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)    individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the

3

discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9.    Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and.

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Property, EQUINOX, is a place of public accommodation in that it is an establishment which provides goods and services to the public.

11.    Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104. the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

4

12.      The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

13.      Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14.      The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Subject Property, and therefore suffered an injury in fact. In addition, Plaintiff continues to desire to visit the Subject Property in the future, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at Subject Property, all in violation of the ADA, and the New York State Human Rights Law.

15.      Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which

said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent violation.

16.     The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

>    (i)     Failure to provide an accessible entrance, due to multiple steps at all entrances into the building from sidewalk, and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. These steps represent an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs.
>
>    (ii)    The counters in the food bar located in Subject Facility are higher than 34 inches above the finish floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2, which requires a maximum height of the counter, or a 60 inch wide section of it, to be 34 inches maximum height.
>
>    (iii)   The reception counter located at Subject Facility is inaccessible, in violation of 28 C.F.R. Part 36, Section 7.2(2), which requires that a portion of the main counter which is a minimum of 36 inches (915 mm) in length shall be provided with a maximum height of 36 inches (915 mm); or an auxillary counter with a maximum height of 36 inches (915 mm) in close proximity to the main counter; or an equivalent facilitation.
>
>    (iv)    The cash register in food bar is at an inaccessible height, in violation of 28 C.F.R. Part 36.

6

(v)     Failure to provide access to the spa services at the lobby level of the Subject Facility in violation of 28 C.F.R. Part 36, Section 4.22 and Section 4.1.

(vi)    Failure to provide adequate directional and accurate informational signage throughout the Subject Facility as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(vii)   Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

17.     Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

18.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19.     Pursuant to the ADA, 42 U.S.C. §12101 et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facility to make them readily accessible to, and useable by, individuals with disabilities to the extent

7

required by the ADA, and closing the subject facilities until the requisite modifications

are completed.

## COUNT II - VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW

21.     The New York City Human Rights Law provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of ... disability ...

NYC Admin. Code § 8-107(4)(a).

22.     Defendants EQUINOX FITNESS CLUB, d/b/a EQUINOX, and

MIDTOWN TRACKAGE VENTURES LLC, are in violation of the New York City

Human Rights Law by denying the Plaintiff full and safe access to all of the benefits,

accommodations and services of the Subject Facility.

23.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through

22 as if set forth in their entirety here.

## COUNT III - VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW

24.     The New York State Human Rights Law provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation.... because of the ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof ... to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of ... disability ...

8

NYS Exec. Law § 296 (2)(a).

25.     Defendants' Property is a place of public accommodation as defined in the New York State Human Rights Law.

26.     The Defendants have further violated the New York State Human Rights Law by being in violation of the rights provided under the ADA.

27.     Defendants EQUINOX FITNESS CLUB, d/b/a EQUINOX, and MIDTOWN TRACKAGE VENTURES LLC, are in violation of the New York State Human Rights Law by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Subject Facility.

28.     The Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 27 as if set forth in their entirety here.

### ATTORNEYS' FEES AND COSTS

29.     The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the New York City Human Rights Law.

30.     Plaintiff prays for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

### DAMAGES

31.     The Plaintiff demands five hundred dollars ($500.00) in compensatory damages based on the Defendant's violation of the New York City Human Rights Law and the New York State Human Rights Law.

9

## INJUNCTIVE RELIEF

32. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the New York City Human Rights Law, and the New York State Human Rights Law and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by NYCHRL, and the NYSHRL;

C. The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

10

D.  The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

E.  The Court award such other and further relief as it deems necessary, just and proper.

Dated this 16th day of May, 2011.

Respectfully submitted,

By: _____
B. Bradley Weitz, Esq. (BW9365)
THE WEITZ LAW FIRM, P.A.
Attorney for Plaintiff
Bank of America Building
18305 Biscayne Blvd., Suite 214
Aventura, Florida 33160
Telephone: (305) 949-7777
Facsimile: (305) 704-3877
Email: bbw@weitzfirm.com